UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARY SPEARS-HARRISON | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. |
| | * | |
| WALMART, INC. | * | JURY REQUESTED |

\* \* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

**TO:** The Honorable Judges
of the United States District Court
for the Eastern District of Louisiana

Defendant, **Walmart Inc.** (hereinafter referred to as "Walmart"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1. Plaintiff filed her Petition for Damages on July 13, 2020, against Walmart Inc. (*See* Plaintiff's Petition for Damages, attached hereto and marked for identification as Exhibit "A").

2. Walmart was served through its agent for service of process, CT Corporation, with a copy of the Citation and Petition on September 9, 2020. (*See* CT Corporation Service of Process Transmittal Notice and Citation attached hereto *in globo* and marked for identification as Exhibit "B".)

3. The suit seeks damages from Walmart for personal injuries and damages allegedly sustained by the plaintiff as a result of an incident that occurred at the Walmart Supercenter located at 1901 Tchoupitoulas Street, New Orleans, Louisiana, on July 12, 2019.

4. Plaintiff's Petition for Damages is silent as to the amount in controversy. However, plaintiff claims that as a result of the alleged accident, plaintiff sustained severe "new" injuries to the plaintiff's shoulder, neck and back. In addition, plaintiff also claims to have sustained an aggravation of pre-existing injuries to her neck and back which were asymptomatic before her accident at Walmart. As a result of her injuries, plaintiff claimed past, present and future general damages for pain and suffering, loss of enjoyment of life, loss of consortium, and past, present and future medical expenses.

5. On June 19, 2020, before filing suit, plaintiff, through her attorney of record, submitted a settlement demand to Walmart Claims Services, Inc., Walmart's claims administrator, for $300,000.00, inclusive of past medical specials of $13,595.50 and $10,158.00 in future medical specials.

6. Plaintiff's demand letter claims that as a result of the alleged accident, plaintiff sustained numerous injuries including soft tissue injuries to her cervical, thoracic and lumbar spines, her shoulder joint, wrist and hand. Plaintiff's demand letter further alleges more serious injuries as a result of the alleged accident, including a disc herniation at L4-5, an annular bulge at L5-S1, a disc bulge/protrusion at L3-4, a broad-based disc herniation at C4-5, an annular bulge and central disc protrusion at C5-6 and C6-7 and a right shoulder rotator cuff impingement. In addition, the plaintiff also developed post-traumatic headaches and tinnitus. Plaintiff continues to receive treatment consisting of epidural steroid injections, with the possibility of future spinal surgery.

**I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

7. 28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs, and is between - (1) citizens of different States."

### A.  THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.

8. The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

9. Plaintiff has submitted a settlement demand in the amount of $300,000.00, inclusive of past medical specials of $13,595.50, and future medical specials of at least $10,158.00.

10. Plaintiff's demand letter claims that plaintiff has had a series of epidural steroid injections in her lumbar spine, with additional epidural steroid injections recommended, and the possibility of spinal surgery in the future.

11. Plaintiff's Petition for Damages does not offer a binding stipulation that plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00 as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op. (E.D. La. June 7, 2006).

12. While Walmart admits no liability, nor any element of damages, Walmart has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

**B.     COMPLETE DIVERSITY**

13.   Defendant, Walmart Inc., is a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

14.   Plaintiff is a resident of and domiciled in the Parish of Orleans, State of Louisiana.

15.   Accordingly, there is complete diversity of citizenship between the plaintiff and the defendants.

16.   This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by the Petition for Damages, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

**II.    WALMART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

17.   Walmart was served with the Petition through its agent for service of process, CT Corporation Systems, on September 9, 2020.

18.   Plaintiff's Petition for Damages is silent as to the value of plaintiff's damages and/or the amount in controversy. However, plaintiff alleges damages which are well in excess of the jurisdictional minimum requirement for this court to exercise its diversity jurisdiction. Further, before filing suit, plaintiff submitted a settlement demand in the amount of $300,000.00, inclusive of past medical specials of $13,595.50 and future medical specials of at least $10,158.00.

19. This Notice of Removal is being filed within thirty (30) days after first receipt by Walmart of a copy of the initial pleading setting forth the claim or relief upon which this action is based, and is therefore timely under 28 U.S.C. § 1446(b).

20. Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States.

21. The Civil District Court for the Parish of Orleans, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

22. No previous application has been made by Walmart in this case for the relief requested herein.

23. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as Exhibit "A". Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiff, and a copy is being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

24. Petitioner, **Walmart Inc.**, desires and is entitled to **trial by jury** of all issues herein

WHEREFORE, defendant, **Walmart Inc.,** hereby removes this action from the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

*/s/ Isidro René DeRojas*
**SIDNEY J. HARDY, T.A., No. 1938**
**ISIDRO RENÉ DEROJAS, No. 18182**
**CHRISTOPHER JAMES-LOMAX, No. 37174**
**McCRANIE, SISTRUNK, ANZELMO,**
**HARDY, McDANIEL & WELCH**
909 Poydras Street, Suite 1000
New Orleans, LA  70112
Telephone:  (504) 831-0946
Facsimile:  (504) 831-2492
Email: ird@mcsalaw.com
*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing *pleading* has been served upon all counsel of record in this proceeding ☒ by e-mail, ☐ by facsimile, ☐ by hand, and/or ☒ by United States mail, properly addressed and postage prepaid, on this 23rd day of September, 2020.

*/s/ Isidro René DeRojas*