**FILED**
2020 JUL 13 P 05:12
CIVIL
DISTRICT COURT

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**
**STATE OF LOUISIANA**

NO: _____  DIVISION: _____

**MARY SPEARS-HARRISON**

**VERSUS**

**WALMART, INC.**

FILED: _____    _____
                                            **DEPUTY CLERK**

**PETITION FOR DAMAGES**

The Petition of MARY SPEARS-HARRISON, a person of the full age of majority domiciled in the Parish of Orleans, State of Louisiana, who respectfully avers as follows:

1.

Made defendant herein WALMART, INC. ("Walmart"), is a business corporation with a principal place of business in the State of Louisiana, authorized to do and doing business in the Parish of Orleans, State of Louisiana, at all pertinent times herein.

2.

On or about July 12, 2019, Mary Spears-Harrison ("Ms. Spears-Harrison") was legally on the premises of the Walmart Store located at 1901 Tchoupitoulas Street, New Orleans, Louisiana 70130. She was grocery shopping in a motorized scooter on aisle 15 of the subject store when suddenly, and without warning, a large open box filed with heavy multiple folding chairs fell from a shelf on Aisle 15, falling directly on her head and shoulders. Ms. Spears-Harrison had done nothing to move the subject box with chairs and had done nothing to cause the shelving to move.

3.

Upon information and belief, a Walmart employee (or employees) placed numerous boxes with multiple folding chairs located on the very edge of the shelving and some beyond the edge of the shelving. The subject boxes were open and only supported the bottom third of the folder chairs, leaving the top two thirds of the folding chairs exposed. This created an unreasonably dangerous condition.

**VERIFIED**
Amber Sheeler
2020 JUL 14 P 02:44

**EXHIBIT A**

2020-05781
G
Section 11
Case 2:20-cv-02582-EEF-DPC   Document 1-2   Filed 09/23/20   Page 2 of 3
FILED
2020 JUL 13  P 05:12
CIVIL
DISTRICT COURT

4.

Since a Walmart employee placed the exposed boxes on the edge or beyond the edge of the shelving, Walmart was placed on notice, or should have been placed on notice, of the unreasonable dangerous condition. It was foreseeable that any movement of the shelves could easily result in these heavy boxes and heavy chairs falling down off the edge of the shelf and injuring any customer in that aisle. That is exactly what happened to Ms. Spears-Harrison.

5.

Knowing that the shelving could reasonably be shaken by any customers, employees or other events, Walmart knew or should have known such an occurrence would likely cause enough movement in the shelving to dislodge items on the shelves, particularly where there were open boxes with most of the chairs exposed and with the boxes on the very edge of the shelving.

6.

One of the subject boxes, with multiple heavy folding chairs, fell directly on top of Petitioner's body, directly impacting her head and shoulder and causing severe new injuries to her shoulder, neck, and back. In addition, the impact of the chairs on Ms. Spears-Harrison caused an aggravation of pre-existing injuries to her neck and back, which were asymptomatic before the subject incident.

7.

Petitioner made efforts to enter into a reasonable compromise with Walmart, to no avail.

8.

The negligence of Walmart and/or Walmart employees, through the doctrine of *respondeat superior*, consisted of the following:

(1) Failure to warn customers of an unreasonable dangerous condition.

(2) Failure to make the subject store safe for patrons.

(3) Failure to correct an unreasonably dangerous condition of which Walmart had notice.

(4) Failure to property train employees regarding safety of patrons as related to stocking shelves.

(5) Failure to properly supervise employees regarding safe stocking of shelves.

(6) Any other acts of negligence that may be found in discovery and proven at trial.

2020-05781 Case 2:20-cv-02582-EEF-DPC Document 1-2 Filed 09/23/20 Page 3 of 3

G
Section 11

9.

FILED
2020 JUL 13  P 05:12
CIVIL
DISTRICT COURT

As a result of the negligent actions and/or inactions of Walmart, Petitioner suffered the following non-exclusive list of damages:

(1) Past, present, and future medical treatment

(2) Past, present, and future pain and suffering

(3) Past, present, and future loss of enjoyment of life.

(4) Past, present, and future loss of consortium

(5) Costs of these proceedings.

(6) Any other recoverable damages as permitted by law and as proven at trial on the merits.

WHEREFORE Petitioner prays that, after due proceedings be had there be judgment rendered herein in favor of Petitioner, Mary Spears-Harrison, and against the Defendant, Walmart, for any and all damages asserted in the subject Petition and any other damages in such amount as is reasonable in the premises and for all costs of these proceedings, from date of judicial demand until paid.

RESPECTFULLY SUBMITTED:
**RISE AGAIN LAW FIRM, LLC**

*[signature]*

**PATRICK B. SANDERS, #32674**
620 Derbigny Street
Gretna, LA 70053
Telephone: (504) 463-4352
Facsimile: (504) 437-1665

**PLEASE SERVE:**

WALMART, INC.
Through its agent for service of process
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816